IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GARY REECE                                                                                    PLAINTIFF

v.                                    Case No. 4:17-cv-00787-KGB

BANK OF NEW YORK MELLON,
TRUSTEE FOR CIT MORTGAGE
LOAN TRUST 2007-1;
WILSON & ASSOCIATES PLLC                                                        DEFENDANTS

**OPINION AND ORDER**

Before the Court is a motion for summary judgment filed by defendant Bank of New York Mellon, as Trustee for CIT Mortgage Loan Trust 2007-1 ("Mellon") (Dkt. No. 14). Plaintiff Gary Reece responded in opposition to the motion (Dkt. No. 18), and Mellon replied (Dkt. No. 19). For the following reasons, the Court grants Mellon's motion for summary judgment and enters judgment in favor of Mellon.

**I.     Factual Background**

The following facts are taken from Mellon's statement of uncontested facts in support of its motion for summary judgment (Dkt. No. 16), unless otherwise noted. Mr. Reece sets forth facts he maintains are in dispute in his statement of contested facts and his response to the motion for summary judgment (Dkt. Nos. 18-1, 18).

Mr. Reece executed a $144,000.00 note on June 4, 2004, in favor of Wilmington Finance, a division of AIG Savings Bank ("Wilmington").[1] The note is secured by a mortgage executed by Mr. Reece, which encumbers real property located at 1015 N. Mississippi Road, Little Rock, Arkansas (the "Property") (Dkt. No. 16, ¶¶ 1-2).

---

[1] Mr. Reece claims that his original mortgage was with Wilmington Finance, a division of AIG Federal Savings Bank (Dkt. No. 18, at 1).

According to Mellon, the loan was assigned from Wilmington to CIT Group/Consumer Finance, Inc. ("CIT"), and then CIT assigned the loan to Mellon (Dkt. No. 16, ¶¶ 3-4). Mellon maintains that Mr. Reece, but not the lender, signed a "stipulation agreement" on January 22, 2010 (the "2010 Agreement") (Dkt. No. 18-2), in which Mr. Reece agreed to make a discounted reinstatement payment in exchange for forbearance of foreclosure (Dkt. No. 16, ¶5).

Mr. Reece admits that the mortgage was assigned numerous times and maintains that, at one time, it was held by Vericrest Financial, Inc. ("Vericrest") (Dkt. Nos. 18, at 1; 18-1, ¶ 1). Mr. Reece asserts that, at least as of January 2010, Vericrest held itself out to Mr. Reece as the owner of his mortgage (Dkt. No. 18, at 1-2). Mellon does not appear to dispute that Vericrest was a prior mortgage servicer for Mr. Reece's mortgage (Dkt. No. 14-1, ¶ 13). Mr. Reece asserts that he and Vericrest entered into the 2010 Agreement, and Mr. Reece characterizes this as a binding contract regarding the mortgage (Dkt. No. 18-2). According to Mr. Reece, he and Vericrest negotiated the 2010 Agreement, and when his mortgage was thereafter assigned to Mellon, Mellon was an assignee of the 2010 Agreement (Dkt. No. 18, at 2; Dkt. No. 18-1, ¶ 4).

Mr. Reece claims that, per the 2010 Agreement, he was to make an initial payment in the amount of $5,223.61 to Vericrest on or before February 26, 2010 (Dkt. No. 18, at 2). On February 24, 2010, Mr. Reece claims that he tendered payment of $5,300.00 but that Vericrest refused to accept the payment (Dkt. No. 18, at 2; Dkt. No. 18-1, ¶ 6). He asserts that Vericrest breached the 2010 Agreement by failing to accept his initial payment (Dkt. No. 18, at 1-2; Dkt. No. 18-1, ¶ 2). He maintains that, since that date, Vericrest and Mellon have refused to accept payments from him (Dkt. No. 18, at 1-2). As a result, Mr. Reece asserts that Vericrest and Mellon breached the contract. He also maintains that this breach by Vericrest and Mellon excused his further performance under the 2010 Agreement (*Id.*, at 2; Dkt. No. 18-1, ¶ 7).

According to Mellon, Mr. Reece as the borrower was involved in 2010 litigation against the prior trustee for the subject loan involving the ability of a national banking association to foreclose without registration with the state banking authority (Dkt. No. 16, ¶ 6). Mellon maintains that the 2010 litigation, which was a class action, did not involve Mr. Reece's defenses to the foreclosure that are now pending before this Court (*Id.*, ¶ 7).

Mr. Reece acknowledges that, on October 15, 2010, he filed his initial lawsuit challenging the privity of contract with Mellon and Mellon's ability to avail itself of non-judicial foreclosure procedures (Dkt. No. 18, at 3). *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 773 (8th Cir. 2014). According to Mr. Reece, that litigation lasted from October 15, 2010, to July 23, 2014; had the effect of preventing any foreclosure proceedings; and therefore tolled the limitations period for any breach of contract claim (Dkt. No. 18-1, ¶¶ 8-9, 11). In that case, a temporary restraining order was entered in Mr. Reece's favor initially, but the case eventually was dismissed by the district court. The Eighth Circuit Court of Appeals affirmed the dismissal on July 23, 2014. Mr. Reece asserts that the 2010 litigation sought a remedy superior to Mr. Reece's current breach of contract claim (Dkt. No. 18-1, ¶ 10). Mr. Reece contends that Mellon did not take any action to initiate foreclosure proceedings until 2017, over three years after the conclusion of the initial litigation (Dkt. No. 18, at 3).

Mellon maintains that Mr. Reece has not made a regular monthly payment since October 2009 (Dkt. No. 16, ¶ 8). Mellon has maintained taxes, insurance, and homeowners' association dues on the Property since 2009 (*Id.*, ¶ 9). Mr. Reece has not attempted to reinstate the loan (*Id.*, ¶ 10). Mr. Reece has not attempted to pay off the loan (*Id.*, ¶ 11). Mr. Reece does not appear to dispute these facts.

On September 5, 2017, Mellon, through its counsel, sent to Mr. Reece a Notice of Default and Intent to Sell (*Id.*, ¶ 12). On October 12, 2017, Mellon's counsel recorded an affidavit outlining its compliance with the Arkansas Statutory Foreclosure Act (*Id.*, ¶ 13). To date, the parties have been unable to reach a settlement agreement (*Id.*, ¶ 14).

## II.  Legal Standard

Summary judgment is proper if there is no genuine issue of material fact for trial. *UnitedHealth Group Incorporated v. Executive Risk Specialty Ins. Co.*, 870 F.3d 856, 861 (8th Cir. 2017) (citing Fed. R. Civ. P. 56). Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Johnson Regional Medical Ctr. v. Halterman*, 867 F.3d 1013, 1016 (8th Cir. 2017) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party. *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under the prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).

However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366

(8th Cir. 2008), *cert. denied*, 522 U.S. 1048 (1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**III. Analysis**

    **A. Breach Of Contract Claim**

Mellon makes several arguments in support of its motion for summary judgment on Mr. Reece's breach of contract claim. The Court examines each of Mellon's arguments in turn.

        **1. Mellon Claims The 2010 Agreement Is Invalid**

Mellon maintains that the 2010 Agreement Mr. Reece claims he had with Vericrest was signed only by Mr. Reece, not Vericrest (Dkt. No. 18-2). As a result, Mellon disputes that Mr. Reece had an enforceable agreement with Vericrest. Mr. Reece maintains that it was a valid contract with Vericrest that was then assigned and applied to Mellon (Dkt. No. 18, at 2). He argues this is a dispute of fact that precludes summary judgment on this basis, although he does not identify what fact is in dispute.

Under Arkansas law, a party suing for breach of contract has the burden of proving the existence of an agreement, a breach of the agreement, and the resulting damages. *Ultracuts Ltd. v. Wal-Mart Stores, Inc.*, 16 S.W.3d 265 (2000), *aff'd in part, rev'd in part on other grounds*, 33 S.W.3d 128 (Ark. 2000). Mr. Reece has not produced a copy of the purported agreement signed by Vericrest. Although he produced a copy of the agreement he signed and a copy of a cancelled check wherein he contends he complied with the agreement (Dkt. Nos. 2-1, at 17-20; 5, ¶ 11), Mr. Reece's complaint is not a verified complaint (Dkt. No. 5). He submits no affidavit or other record evidence in support of his response to the motion for summary judgment (Dkt. No. 18). However, Mellon provides no explanation for Vericrest's refusal to accept the payment Mr. Reece contends

he tendered pursuant to the 2010 Agreement, other than its claim that Vericrest did not sign the 2010 Agreement (Dkt. No. 14-1, ¶ 14). Because the Court grants Mellon summary judgment on its statute of limitations argument, the Court declines to address further the merits of this argument.

### 2. Even If Valid, Mellon Maintains That Mr. Reece Breached The 2010 Agreement And Cannot Sue Now To Enforce It

Further, Mellon asserts that, even if Mr. Reece and Vericrest entered into the 2010 Agreement, under the terms of that agreement, Mr. Reece failed to perform and, therefore, should not be permitted to sue on the 2010 Agreement. Specifically, Mellon claims that, based on the terms of the 2010 Agreement Mr. Reece contends he had with Vericrest, beginning on March 1, 2010, Mr. Reece was obligated to make monthly payments of $1,713.90 (Dkt. No. 18-2, ¶ 3). Further, the 2010 Agreement provides that "[n]o waiver by [Vericrest] of any breach or default hereunder shall be considered a waiver by [Vericrest] of any subsequent breach or default." (Dkt. No. 18-2, at 2). It appears undisputed that Mr. Reece has not made any payments since October 2009. By the terms of this 2010 Agreement, Mr. Reece admittedly has breached the agreement. As a result, Mellon claims that Mr. Reece may not maintain a breach of contract action based on his own non-performance.

Mr. Reece claims that, due to the initial breach by Vericrest and the continued breach by Mellon, any further performance by him of the 2010 Agreement was excused (Dkt. No. 18, at 2). *See QHG of Springdale, Inc. v. Archer*, 373 S.W.3d 318, 323-24 (Ark. Ct. App. 2009) (examining the doctrine of prior breach under Arkansas law). Mr. Reece asserts that, if he had continued to perform under the 2010 Agreement, he could have waived his breach of contract claim under Arkansas law. *See, e.g., Pierce v. Kennedy*, 168 S.W.2d 1115 (Ark. 1943). As a result, Mr. Reece maintains this is not a proper basis on which to grant Mellon summary judgment.

6

As a general rule, the failure of one party to perform his contractual obligations releases the other party from his obligations. *Boellner v. Clinical Study Centers, LLC*, 378 S.W.3d 745 (Ark. 2011). This general rule applies only when the prior breach is "material and sufficiently serious" so as to excuse further performance. *TXO Production Corp. v. Page Farms, Inc.*, 698 S.W.2d 791, 793 (Ark. 1985). Whether a prior breach is material and sufficiently serious may be a question of fact for the jury to determine or may be a question of law for the Court, depending on the circumstances of the case. Because the Court grants Mellon summary judgment on its statute of limitations argument, the Court declines to address further the merits of this argument.

### 3. Mellon Contends Any Claim For Breach Of The 2010 Agreement Is Time-Barred

Mellon also maintains that any claim for breach of the 2010 Agreement is now facially time-barred because the claim is based upon a course of dealing dating to 2010. Mellon asserted the affirmative defense that Mr. Reece's claims are time-barred in its answer (Dkt. No. 4, at 8, ¶ 9). Under Arkansas law, "[i]n ordinary tort and contract actions, the statute of limitations begins to run upon the occurrence of the last element essential to the cause of action." *Chapman v. Alexander*, 817 S.W.2d 425 (Ark. 1991). If it is clear from the face of the complaint that the action is barred by the applicable limitations period, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute of limitations was tolled. *Meadors v. Still*, 40 S.W.3d 294, 298 (Ark. 2001) (quoting *Adams v. Arthur*, 969 S.W.2d 598, 602-03 (Ark. 1998)).

According to Mellon, Mr. Reece's breach of contract claims are based entirely on the 2010 Agreement. His claims are related to compliance with the 2010 Agreement and according to Mellon accrued, at the latest, when Mr. Reece's monthly payments began to be rejected beginning on or about March 1, 2010. Claims for breach of a written contract must be filed within five years of the alleged breach under Arkansas law. Ark. Code Ann. § 16-56-111. Actions upon unwritten

7

contracts must be commenced within three years of the accrual of the cause of action. Ark. Code Ann. § 16-56-105. Giving Mr. Reece the benefit of a five-year limitations period, Mellon argues that Mr. Reece's breach of contract claims based on the 2010 Agreement became untimely at least by March 2, 2015, five years from the date Mellon's predecessor purportedly breached the 2010 Agreement and rejected Mr. Reece's monthly payments.

Mr. Reece contends that issues of fact exist as to whether his breach of contract claim is barred by limitations. However, the Court notes that he does not specifically identify any genuine issues of material fact in dispute regarding these matters.

He maintains that the pending litigation between the parties from 2010 to 2014 tolled the limitations period; he argues that there was a stay in effect throughout the litigation that prevented the foreclosure proceedings from going forward (Dkt. No. 18, at 3). Mr. Reece asserts that, had he prevailed in that litigation, Mellon would have no right to foreclosure proceedings, "which was a superior remedy to Plaintiff's current breach of contract claim." (*Id.*). Mr. Reece also states that Mellon's own inaction from 2014 to 2017 tolls the limitations period, but he cites no authority and makes no further argument in support of this statement (*Id.*).

Mellon asks the Court to take judicial notice of the docket in the 2010 litigation and points out the following. First, that 2010 litigation involved class action claims regarding Mellon's licensee status in Arkansas as a federally chartered national banking association, not this alleged breach of contract claim (Dkt. No. 19, at 1). *See Reece v. Bank of New York Mellon*, Case No. 4:12-cv-00091 BSM (E.D. Ark.) (first amended class action complaint at Dkt. No. 4). Based on this, Mellon maintains that nothing about the prior class action suit precluded Mr. Reece from asserting his current breach of contract claim. Further, Mellon argues that Mr. Reece was likely

8

required to assert his claim as it "arises out of the transaction or occurrence" that was the subject of Mr. Reece's prior suit – the underlying loan transaction and default (*Id.*, at 1-2).

Mellon essentially asserts through this argument that Mr. Reece's current suit is barred by *res judicata*. *Res judicata* consists of issue preclusion and claim preclusion. *Carwell v. Elevator Co. v. Leathers*, 101 S.W.3d 211, 216 (Ark. 2000). *Res judicata* bars not only the relitigation of claims that were actually litigated in the first suit but also those claims that could have been litigated. *Beebe v. Fountain Lake Sch. Dist.*, 231 S.W.3d 628, 635 (Ark. 2006). Where a case is based on the same events as the subject matter of a previous lawsuit, *res judicata* will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies. *Id.* Under Arkansas law, *res judicata* is an affirmative defense. Ark. R. Civ. P. 8(c). It can be waived. *See, e.g., Seth v. St. Edward Mercy Med. Ctr.*, 291 S.W.3d 179 (Ark. 2009). Mellon did not assert this affirmative defense specifically in its answer in this action (Dkt. No. 4, at 7-8).

Next, Mellon argues that, even if the Court were inclined to credit the 2010 litigation as tolling the limitations period, that case was actually dismissed on September 20, 2012, with only an unsuccessful appeal remaining active after that date (Dkt. No. 19, at 2). *See Reece v. Bank of New York Mellon*, Case No. 4:12-cv-00091 BSM (E.D. Ark.) (order and judgment at Dkt. Nos. 29, 30). The temporary restraining order upon which Mr. Reece relies to claim foreclosure proceedings were stayed during the pendency of the 2010 litigation was only in effect from February 25, 2011, to February 10, 2012, according to Mellon (*Id.*). As a result, according to Mellon, Mr. Reece's cause of action for breach of contract would still have accrued in October 2016, even if the Court were inclined to credit the 2010 litigation as tolling the limitations period for some time (*Id.*). Finally, Mellon asserts that nothing prevented Mr. Reece from asserting his breach of contract claim from 2014 to 2017, and the Court should reject any argument unsupported

9

by legal authority that Mellon's decision not to pursue foreclosure proceedings from 2014 to 2017 somehow impacts this analysis (*Id.*, at 3).

Under Arkansas law, "[f]or breach of contract, the true test in determining when a cause of action arises or accrues is to establish the time when the plaintiff could have first maintained the action to successful conclusion." *Oaklawn Bank v. Alford*, 845 S.W.2d 22, 24 (Ark. Ct. App. 1993). In other words, "[t]he cause of action accrues the moment the right to commence an action comes into existence, and occurs when one party has, by words or conduct, indicated to the other that the agreement is being repudiated or breached." *Id*.

The Court takes judicial notice of the following facts, based on its review of the public dockets in Mr. Reece's prior cases. On or about October 15, 2010, Mr. Reece and Sherri Woods filed a complaint for temporary restraining order against Mellon related to the property at 1015 North Mississippi, Little Rock, Arkansas. *See Reece v. Bank of New York Mellon*, Case No. 4:12-cv-00091 BSM (E.D. Ark.) (notice of removal, attaching complaint for temporary restraining order at Dkt. No. 1, at 18-22). In that action, Mr. Reece cited to his negotiations with Vericrest and attempts to tender an amount due to satisfy Vericrest. The Pulaski County, Arkansas, Circuit Court entered a temporary restraining order, staying any attempt to sell at public auction the property at 1015 North Mississippi, Little Rock, Arkansas. *See Reece v. Bank of New York Mellon*, Case No. 4:12-cv-00091 BSM (E.D. Ark.) (Dkt. No. 1, at 23-24). That temporary restraining order was continued in effect in an order entered on February 25, 2011. *See Reece v. Bank of New York Mellon*, Case No. 4:12-cv-00091 BSM (E.D. Ark.) (Dkt. No. 1, at 43-44).

On December 29, 2011, separate plaintiff Ms. Woods moved to dismiss without prejudice her claims against Mellon, which motion was granted. *See Reece v. Bank of New York Mellon*, Case No. 4:12-cv-00091 BSM (E.D. Ark.) (Dkt. No. 1, at 65-66, 69). Thereafter, on January 18,

2012, nine days before a bench trial was scheduled to begin, a first amended class action complaint was filed on Mr. Reece's behalf and on behalf of all other Arkansas residents similarly situated against Mellon. *See Reece v. Bank of New York Mellon*, Case No. 4:12-cv-00091 BSM (E.D. Ark.) (Dkt. No. 1, at 70-81). This first amended class action complaint challenged Mellon's ability to do business in Arkansas and asserted claims under the Arkansas Deceptive Trade Practices Act, for unjust enrichment, and for slander of title. No specific breach of contract claim was alleged, and the facts related to the purported 2010 Agreement with Vericrest were not specifically reasserted in the first amended class action complaint. Mellon moved to strike the first amended class action complaint. *See Reece v. Bank of New York Mellon*, Case No. 4:12-cv-00091 BSM (E.D. Ark.) (Dkt. No. 1, at 85-92). Thereafter, the case was removed to federal court, with the parties briefing legal issues. On September 20, 2012, the federal district court denied a request to remand the action to Arkansas state court and dismissed with prejudice Mr. Reece's claims against Mellon as asserted in the first amended class action complaint. *See Reece v. Bank of New York Mellon*, Case No. 4:12-cv-00091 BSM (E.D. Ark.) (Dkt. No. 29). Mr. Reece took an appeal, and the Eighth Circuit Court of Appeals affirmed the district court's dismissal in an opinion and judgment entered July 23, 2014. *See Reece v. Bank of New York Mellon*, Case No. 4:12-cv-00091 BSM (E.D. Ark.) (Dkt. Nos. 43, 44).

Having reviewed the prior litigation between the parties, the Court now turns to this action and the statute of limitations argument asserted by Mellon. Mr. Reece's current claims are timely only if the applicable statute of limitations was tolled. Based on the Court's review of the facts, Mr. Reece was aware of his potential breach of contract claim, as he essentially asserted it in his initial complaint filed in the 2010 action on October 15, 2010. However, Mr. Reece voluntarily dismissed that claim on January 18, 2012, when he filed a first amended class action complaint

against Mellon that did not reassert the breach of contract claim. That first amended class action complaint was dismissed with prejudice by the district court on September 20, 2012. The Eighth Circuit affirmed the dismissal on July 23, 2014. Mr. Reece filed this action on November 8, 2017.

Mr. Reece's breach of contract claim accrued on or about March 1, 2010, and without tolling, the five-year statute of limitations on Mr. Reece's breach of contract claim would have run on or about March 1, 2015. The Court observes that approximately seven months passed from the date the breach of contract claim accrued until Mr. Reece filed his initial 2010 lawsuit against Mellon. If the filing of the initial 2010 complaint in October 2010 tolled the running of the limitations period, there is an argument that Mr. Reece voluntarily dismissed his breach of contract claim in that action on or about January 18, 2012, thereby triggering the limitations period to start to run again on that claim. Under that scenario, at the latest, the five-year statute of limitations would have run on or about June 18, 2016. If the overall pendency of the 2010 litigation regardless of the claims asserted tolled the running of the limitations period, there is an argument that the district court's dismissal with prejudice of the first amended class action complaint on September 20, 2012, ended the tolling and triggered the running of the limitations period. Under that scenario, the limitations period for Mr. Reece's breach of contract claim against Mellon expired at the latest on or about February 20, 2017.

In other words, even if the Court construes all facts in the record in favor of Mr. Reece and accepts for purposes of resolving this motion only Mr. Reece's argument that the applicable statute of limitations on his breach of contract claim against Mellon was tolled for some period of time, Mr. Reece's breach of contract claim is timely only if the overall pendency of the 2010 litigation, including his unsuccessful appeal, tolled the limitations period on his breach of contract claim

against Mellon. Mr. Reece cites no legal authority in support of this argument. For the following reasons, the Court rejects this argument.

Because this case arises under this Court's diversity jurisdiction, the Court applies the state tolling law and federal procedural law. *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011); *Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007). The Court examines tolling under Arkansas law.

Under Arkansas law, it is clear that fraudulent concealment may toll the running of the statute of limitations. *See Chalmers v. Toyota Motors Sales USA, Inc.*, 326 Ark. 895, 905 (Ark. 1996). Fraudulent concealment requires a plaintiff to establish three elements: (1) the defendant committed positive acts of fraud; (2) the fraud was concealed; (3) the fraud, and thus the cause of action, could not have been detected by the plaintiff exercising reasonable diligence. *Bomar v. Moser,* 251 S.W.3d 234, 242 (Ark. 2007). Further, "[t]he acts of concealment or fraud alleged must have been committed by those invoking the benefit of the statute of limitations." *First Pyramid Life Ins. Co. of Am. v. Stoltz*, 843 S.W.3d 842, 845 (Ark. 1993). The question of fraudulent concealment, although generally an issue of fact when properly raised, may be an issue of law for the Court when conflicting evidence is not present. *Martin v. Arthur*, 3 S.W.3d 684, 687 (Ark. 1999). Here, Mr. Reece does not allege fraudulent concealment in support of his tolling argument, and nothing in the record supports an allegation of fraudulent concealment on the part of Mellon or any other entity.

Plaintiffs' "ignorance of their rights does not prevent the operation of the statute of limitations. The statute is tolled only when the ignorance is produced by affirmative and fraudulent acts of concealment." *First Pyramid*, 843 S.W.3d at 845. Likewise, mere silence by the alleged wrongdoer usually does not toll the running of the statute of limitations. *Scroggin Farms Corp. v.*

*Howell*, 226 S.W.2d 562, 572 (Ark. 1950). In rare instances, such as when a confidential relationship exists between the parties, the failure to speak may be the equivalent of fraudulent concealment. *See, e.g., Floyd v. Koenig*, 274 S.W.3d 339, 342 (Ark. Ct. App. 2008). No such relationship is alleged to have existed here. Further, under different circumstances, Arkansas courts have determined that the relationship between a bank and its customer is generally one of debtor and creditor and not a fiduciary relationship. *See J.W. Reynolds Lumber Co. v. Smackover State Bank,* 836 S.W.2d 853 (Ark. 1992); *Marsh v. Nat'l Bank of Commerce,* 822 S.W.2d 404 (Ark. Ct. App. 1992). Something more than the mere existence of the traditional banking relationship has been required to establish special circumstances requiring disclosure. *See, e.g., Mans v. Peoples Bank,* 10 S.W.3d 885 (Ark. 2000); *Country Corner Food & Drug v. First State Bank,* 966 S.W.2d 894 (Ark. 1998).

Arkansas courts do recognize that a promise to cure or offer to settle may also serve to toll the statute of limitations under certain circumstances. *See Lake v. Wright*, 53 S.W.2d 233, 234 (Ark. 1932). Again, Mr. Reece makes no specific allegation that Mellon or any other entity offered to cure or settle his current breach of contract claim. The Court notes there are some references to settlement discussions after the 2010 litigation was filed but before the first amended class action complaint was filed. *See Reece v. Bank of New York Mellon*, Case No. 4:12-cv-00091 BSM (E.D. Ark.) (Dkt. No. 1, at 56). Even if the Court credits these discussions and applies tolling for some period based on the possibility of settlement, the Court still determines Mr. Reece's current action is time-barred.

General principles of estoppel also may bar a defendant from using a statute of limitations as a defense under Arkansas law. *See Kitchens v. Evans*, 870 S.W.2d 767 (Ark. Ct. App. 1994). Application of the doctrine of estoppel typically requires that the plaintiff demonstrate reliance

upon the conduct of the defendant. Arkansas courts have explained that "[t]he issue is whether the conduct or representations of the [defendant] are so unfair and misleading as to outbalance the public's interest in setting a limitation on bringing actions." *Wall v. Wall*, Case No. CA 10-657, 2011 WL 693346, at *6 (Ark. Ct. App. Feb. 23, 2011). The plaintiff still must exercise reasonable diligence, even if allegations of estoppel are at issue. *Stracener v. Williams*, 137 S.W. 3d 428, 431 (Ark. Ct. App. 2003). Mr. Reece does not clearly identify estoppel in response to Mellon's statute of limitations argument, and the Court finds no evidentiary support in the record for a claim of estoppel.

Instead, Mr. Reece claims that, because the class action that asserted claims other than his breach of contract claim was pending, the statute of limitations on his breach of contract claim should be tolled through and until the Eighth Circuit Court of Appeals issued its decision affirming the district court's dismissal with prejudice of the action. He cites no Arkansas legal authority for this proposition, and the Court finds none. As Mellon points out, the Court dismissed the class action claims on September 20, 2012, with only an unsuccessful appeal remaining active after that date. Mr. Reece's current action was first filed in Arkansas state court on November 8, 2017 (Dkt. No. 5) and later removed to this Court (Dkt. No. 1).

The Court determines that, even if tolling for some period of time based on the pendency of the 2010 litigation is appropriate, Arkansas would not permit tolling through the time of the Eighth Circuit's decision on appeal as Mr. Reece argues here. The Court's decision is based on other, analogous Arkansas cases. In *Scollard v. Scollard*, the Arkansas Supreme Court examined the circumstances under which an earlier action might toll the limitations period for a separate claim. 947 S.W.2d 345 (Ark. 1997). *Scollard* involved two complaints filed by plaintiff that, although reciting similar facts, stated very different causes of action requiring the establishment of

different elements – fraud and constructive trust. *Id.* at 348. Based on these facts, the Court refused to apply the tolling doctrine. The Arkansas Supreme Court also observed that, "[e]ven if we were to conclude that the actions were the same, we are not convinced that the tolling doctrine applies where, as here, the first action was nonsuited within the period of time allowed by the applicable statute of limitations" and not timely refiled. *Id.* at 348-49.

Further, in *Ragar v. Brown*, the Arkansas Supreme Court examined the limitations period applicable to a legal malpractice claim. 964 S.W.2d 372 (Ark. 1998). In that case, the plaintiff argued, in part, that the pendency of an appeal in the underlying litigation tolled the limitations period on her legal malpractice action against the attorneys representing her. The Arkansas Supreme Court rejected the argument and observed that "[t]he majority of jurisdictions considering this context, regardless of the applicable rule, holds that a pending appeal by the damaged party does not serve to toll the statute of limitations when damages can be presently identified." *Id.* at 376 (citing cases examining tolling the limitations period for legal malpractice actions).

In *Rice v. Ragsdale*, 292 S.W.3d 856 (Ark. Ct. App. 2009), the Arkansas Court of Appeals also rejected the argument that tolling should apply to a legal malpractice claim during the pendency of an appeal. *See also Hearst v. Newcomb*, 564 S.W.3d 309 (Ark. Ct. App. 2018) (rejecting the argument that the statute of limitations should be tolled for the full pendency of an appeal of the underlying civil-rights lawsuit). In *Rice*, plaintiffs argued that their lawyers' assurances that the trial court's decision in the medical-malpractice case was wrong and would be reversed on appeal, and their failure to inform plaintiffs that the limitations period was running on any claims they might have against their lawyers, amounted to fraud sufficient to toll the statute of limitations. *Id.* at 864. The court determined that, even if what plaintiffs alleged was true, their lawyers' "representations about their chances on appeal did not amount to misrepresentations of

16

fact. Constructive fraud requires that material misrepresentations of fact be made." *Id.* (citing *South County, Inc. v. First W. Loan Co.*, 871 S.W.2d 324 (1994)). Further, misrepresentation must relate to a past event or a present circumstance, not a future event. *Id.*

Moreover, under Arkansas law:

As a general rule, fraud cannot be predicated upon misrepresentations as to matters of law, nor upon opinions on questions of law based on facts known to both parties alike, nor upon representations as to what the law will not permit to be done, especially when the representations are made by the avowed agent of the adverse interest. Reasons given for this rule are that every one is presumed to know the law, both civil and criminal, and is bound to take notice of it, and hence has no right to rely on such representations or opinion, and will not be permitted to say that he was misled by them.

*Pambianchi v. Howell*, 265 S.W.3d 788, 792 (Ark. Ct. App. 2007) (quoting *Adkins v. Hoskins*, 3 S.W.2d 322, 326 (Ark. 1928)).

Here, there is no dispute that the district court dismissed with prejudice Mr. Reece's 2010 lawsuit on September 20, 2012, with only an unsuccessful appeal remaining active after that date. The 2010 lawsuit, at the time of dismissal with prejudice, did not raise the breach of contract claim Mr. Reece seeks to bring now. However, initially, the 2010 lawsuit did address this breach of contract claim; Mr. Reece essentially non-suited the claim on or about January 18, 2012. Mr. Reece did not timely refile the claim. Here, Mr. Reece makes no allegation that Mellon misled him about the status of his claims or the status of the appeal. Based on its review of Arkansas law, the Court sees no basis on which to apply tolling through and until the Eighth Circuit rendered its decision on July 23, 2014, to the statute of limitations applicable to Mr. Reece's current breach of contract claim against Mellon. For these reasons, the Court determines that Mr. Reece's current breach of contract claim is barred by the applicable statute of limitations. Mr. Reece's claim is time barred. Therefore, Mellon is entitled to summary judgment on Mr. Reece's breach of contract claim.

17

B.  **Statutorily Required Notices**

In his complaint, Mr. Reece also claims that Mellon failed to provide to him statutorily required pre-foreclosure notice "at least ten days before initiating the foreclosure. . . [by naming] the holder and the physical location of the original note." (Dkt. No. 5, ¶ 40). Further, Mr. Reece maintains that Mellon also failed to provide "a payment history showing the date of default." (*Id.*, ¶ 42). The relevant statute required the pre-foreclosure packet of information to be sent prior to sending the Notice of Default and Intent to Sell. Ark. Code Ann. § 18-50-103(2)(A).

Mellon disputes Mr. Reece's claims regarding pre-foreclosure notice. Mellon maintains that it timely sent the required pre-foreclosure notice to Mr. Reece not once but twice – on July 24, 2017, and August 25, 2017 (Dkt. No. 15-1, ¶¶ 12-14). Mellon asserts that the notices both enclosed many documents, including a copy of the fully indorsed original note, a copy of the mortgage, and the payment history for the loan. The notices also identified Mellon as the owner of the loan and informed Mr. Reece of the physical address of the original note. Mellon sent the Notice of Default and Intent to Sell on September 5, 2017 (Dkt. No. 14-1, at 87-88). This was more than ten calendar days after the last pre-foreclosure package. Mr. Reece offers no response to these allegations in Mellon's motion for summary judgment (Dkt. No. 18). As a result, having examined the record evidence and construing all reasonable inferences in favor of Mr. Reece, the Court determines that Mellon is entitled to summary judgment on Mr. Reece's claims that Mellon purportedly violated the Arkansas Statutory Foreclosure Act by failing to send appropriate notices.

IV. **Conclusion**

For the foregoing reasons, this Court grants Mellon's motion for summary judgment, determines that Mr. Reece's current breach of contract claim against Mellon is time-barred and that Mellon is entitled to judgment as a matter of law on Mr. Reece's claim alleging violations of

the Arkansas Statutory Foreclosure Act, and enters judgment in favor of Mellon dismissing with prejudice this action.

It is so ordered, this the 31st day of March, 2019.

_____
Kristine G. Baker
United States District Judge